OPINION
{¶ 1} Appellant Stark County Department of Job and Family Services ("the Department") appeals the November 20, 2003 Judgment Entry entered by the Stark County Court of Common Pleas, Juvenile Division, which maintained the status quo on previously issued orders relative to the Department's financial responsibilities for the minor child, Clarissa Mathews (DOB 11/16/89).
 STATEMENT OF THE FACTS AND CASE
{¶ 2} On July 23, 2001, the trial court adjudicated Clarissa Mathews and her two younger sisters to be dependent children. The trial court ordered Clarissa to be placed in the temporary custody of the Department.[1] The trial court further ordered the Department to provide Clarissa with food, shelter, education and medical care. After Mary Mathews, Clarissa's mother, made significant progress on her case plan, the trial court terminated the Department's temporary custody of Clarissa and modified the order to protective supervision. However, Clarissa's behavioral problems continued, and via Post-Dispositional Order filed February 11, 2003, the trial court returned temporary custody of Clarissa to the Department.
{¶ 3} On April 3, 2003, the Department filed a Motion for Planned Permanent Living Arrangement. Via Judgment Entry filed August 7, 2003, the trial court found Clarissa was unable to function in a family like setting and must remain in residential or institutional care, and placed her on planned permanent living arrangement status with the Department.
{¶ 4} On February 19, 2003, Clarissa appeared before the trial court in Case No. JU125954 and entered a plea of true to one count of violating a prior court order relative to a previous finding of delinquency. The trial court accepted Clarissa's plea and proceeded to disposition. The trial court remanded Clarissa to the Multi-County Attention Center pending court placement. Via Judgment Entry filed April 7, 2003, in Case No. JU125954, the trial court granted temporary custody of Clarissa to the Multi-County Attention Center for placement at RTC. The trial court noted the placement was effective April 3, 2003, at RTC. The trial court ordered the Department to be responsible for Clarissa's "clothing, personal items, medical, and dental bills." Via Judgment Entry filed August 8, 2003, in Case No. JU125954, the trial court returned legal custody of Clarissa to the Department, effective August 1, 2003. Via Amended Court Order filed October 28, 2003, in Case No. JU125954, the trial court found the Department financially responsible for Clarissa's placement at RTC as well as medical, dental, and personal needs from August 1, 2003, until her release.
{¶ 5} On November 6, 2003, the Department filed a motion for review of these various orders, citing due process violations. The trial court conducted a hearing on November 20, 2003, after which the trial court ordered the status quo be maintained. The trial court memorialized its decision via Judgment Entry filed November 20, 2003.
{¶ 6} It is from this judgment entry the Department appeals, raising the following assignments of error:
{¶ 7} "I. Whether the trial court violated the due process rights of appellant by issuing orders which effected a substantial interest of appellant without providing notice of hearing, without conducting a hearing or providing appellant with a meaningful opportunity to be present and heard.
{¶ 8} "II. Whether the trial court erred in requiring scdjfs to be responsible for the expenses incurred for the care of a juvenile who was ordered to be placed specifically into a multicounty locked detention facility which scdjfs is prohibited from dispersing funds to. The order of the court represented an unreasonable taking of state funding and was in excess of the court's authority and violative of seperation [sic] of powers."
 I, II
{¶ 9} Because our disposition of both of the Department's assignments of error is identical, we shall address said assignments together. The Department's assignments of error are sustained on the authority of In re: Roberson (Sept. 13, 2004), Stark App. No. 2003CA00393, unreported.
{¶ 10} The judgment of the Stark County Court of Common Pleas, Juvenile Division, is reversed and this matter is remanded for further proceedings consistent with this opinion and the law.
Hoffman, P.J., Farmer, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas, Juvenile Division, is reversed and this matter is remanded for further proceedings consistent with our opinion and the law. Costs to be waived.
[1] Clarissa's sisters were placed in the protective supervision of the Department and are not subject to this appeal.